UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | | |
|---|---|---|
| In re:<br><br>DENNIS J. RICHARD<br>AMY RICHARD<br><br>    Debtors<br><br>DAVID M. NICKLESS, TRUSTEE<br><br>    Plaintiff<br><br>v.<br><br>BAYVIEW LOAN SERVICING, LLC<br><br>    Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Chapter 7<br>Case No. 11-40333-MSH<br><br><br><br><br><br><br>Adversary Proceeding<br>No. 11-4024 |

**MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS**

Before me is the defendant Bayview Loan Serving, LLC's motion to dismiss the trustee's three-count complaint. In the complaint the trustee seeks to avoid or subordinate a first mortgage that has been assigned from the original mortgagee to Bayview.

**Facts**

The facts are drawn from the complaint and, except for certain inferences which must be drawn in favor of the plaintiff, are largely uncontested.

On or about July 29, 2005 Dennis and Amy Richard, who are the debtors in the main case filed under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §101 et seq., executed a promissory note (the "Note") in the amount of $225,600 payable to CitiMortgage, Inc. ("Citi") and to secure their obligation thereunder granted Citi a mortgage (the "Mortgage") on their residence

1

in Lawrence, Massachusetts. The Mortgage was duly recorded at the Essex County Registry of Deeds. There is no allegation that when the Mortgage to Citi was granted and recorded it was invalid or defective in any way.

On or about July 26, 2009, Citi assigned the Mortgage to Bayview. The assignment was recorded in the Essex County Registry of Deeds on August 10, 2009. The assignment instrument is signed by Bryan Bly, identified as a vice president of Citi, and is acknowledged by Christopher Jones, identified as a notary public for the State of Florida where the assignment appears to have been executed. The typewritten text directly below the line for Mr. Jones's signature reads:

> CHRISTOPHER JONES, Notary Public
> My commission expires 08/03/2012.

His seal, which consists of a box stamped on the assignment, reads:

> Christopher Jones
> Notary Public, State of Florida
> Commission # DD 811078
> Expires August 03, 2012
> Bonded Through National Notary Ass'n.

Mr. Jones's signature is described in the complaint as "only initials." The assignment, a copy of which is attached to the complaint, has writing that appears to be a "C" followed by some marks that could indicate an "h" or could be part of a "J" on the signature line.

On January 31, 2011 the Richards filed their voluntary Chapter 7 petition commencing the main case. According to the schedules accompanying their petition, the Lawrence residence had a value of $194,500 and they owed Bayview approximately $252,000 on the Note. They also listed Digital Federal Credit Union as being owed approximately $55,210 on a note secured by a second mortgage on the Lawrence property.

2

In his complaint the trustee seeks (i) a declaratory judgment that the Mortgage is invalid because Mr. Jones's signature on the assignment instrument constitutes a material defect, (ii) avoidance of the Mortgage under Bankruptcy Code § 544 and preservation of the lien for the benefit of the estate pursuant to Bankruptcy Code § 550(a)(1) and (2), and (or perhaps alternatively) (iii) equitable subordination of Bayview's claim to all other claims against the bankruptcy estate while preserving the lien for the benefit of the estate pursuant to Bankruptcy Code "§ 510(c)(1)(2)" [sic].

## Discussion

Motion to Dismiss Standard

The court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. Civ. P .12(b)(6), made applicable to this proceeding by Fed .R .Bankr. P. 7012. In deciding a motion to dismiss "a court must take the allegations in the complaint as true and must make all reasonable inferences in favor of the plaintiffs." *Watterson v. Page,* 987 F.2d 1, 3 (1st Cir. 1993). To avoid dismissal of a claim under Rule 12(B)(6), a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). It is not enough to simply allege the elements of a claim. The court, however, is "not bound to accept legal conclusions couched in fact." *In re DiVittorio*, 430 B.R. 26, 44 (Bankr. D. Mass. 2010).

When deciding a motion to dismiss a court "is generally limited to considering "facts and documents that are part of or incorporated into the complaint." *Trans–Spec Truck Serv., Inc. v.*

3

*Caterpillar Inc.,* 524 F.3d 315, 321 (1st Cir. 2008). "A court may also consider a limited universe of materials not included in or attached to the complaint, such as documents incorporated by reference in [the complaint], matters of public record, and other matters susceptible to judicial notice." *In re Bailey,* 437 B.R. 721, 727 (Bankr. D. Mass. 2010) (internal citations and quotation marks omitted).

<u>The Notary's Signature</u>

Florida law requires that a notary obtain and exercise his commission using his legal name. FLA. STAT. § 117.05 (1) (2004). When notarizing an instrument, the notary must complete a jurat or notarial certificate that contains, among other things, the notary's "official signature." FLA. STAT. § 117.05(4)(g) (2004). Although the statute does not define what is meant be the notary's official signature, each Florida notary public is required to register his "original hand written signature" with the Florida Department of State. FLA. ADMIN. CODE ANN. 1N-6001(5)(a). Common sense dictates that the registered signature constitutes a notary's official signature.

In this case there is no allegation that Mr. Jones obtained his commission in any name other than his legal name or that he was not the notary public who acknowledged the Mortgage assignment. The trustee's quarrel is with Mr. Jones's penmanship. The trustee alleges that the signature is not Mr. Jones's official signature. Unfortunately, he offers nothing that rises above the level of speculation to support his allegation and such an allegation, without more, is insufficient to survive a motion to dismiss.

<u>The Validity of the Mortgage</u>

Even assuming the trustee's challenge to Mr. Jones's signature could survive a motion to dismiss thus calling into question the validity of the Mortgage assignment, it is unclear how the

trustee benefits. The trustee argues that if the assignment of the Mortgage is invalid, he can avoid the Mortgage itself. This is simply not so.

The trustee's argument for avoidance of the Mortgage is based on Bankruptcy Code § 544, the source of the trustee's so-called strong arm powers. Although the trustee has not identified the specific subsection of § 544 upon which his argument rests, § 544(a)(3) appears to be the most appropriate. It permits a trustee to avoid the transfer of certain interests in real estate and provides in pertinent part:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or *may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable* by--
> . . .
> (3) a bona fide purchaser of real property … from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists. (Emphasis added).

Although the trustee argues that his strong arm powers include rights and powers that go beyond avoiding a transfer of property of the debtor or an obligation incurred by the debtor, he has failed to identify what those powers or rights are and how they are applicable in this proceeding. Indeed, in his opposition to Bayview's motion to dismiss, the trustee acknowledges that he has the rights and powers of a bona fide purchaser of real estate even in the absence of a transfer. But the rights and powers of a bona fide purchaser in this case get the trustee, at most, the right to ignore Bayview, the assignee of the Mortgage. The trustee must still deal with Bayview's assignor, Citi, whose valid mortgage of record has never been challenged.

The trustee cites *In re Giroux*, 2009 WL 1458173 (Bankr. D. Mass. May 21, 2009), *aff'd sub nom Mortg. Elec. Registration Sys. v. Agin*, 2009 WL 3834002 (D. Mass. Nov. 17, 2009), a

5

case he describes as "similar," in support of his position. *Giroux*, however, involved a *mortgage* with a defective acknowledgement, not a mortgage assignment with a defective acknowledgement. Unlike an assignment of a mortgage, the granting of a mortgage is a transfer of property of the estate for purposes of § 544.[1]

In *Kapila v. Atlantic Mortgage & Investment Corp. (In re Halabi)*, 184 F.3d 1335, 1337 (11th Cir. 1999), a case that is factually similar to this one, the court examined and rejected the trustee's argument that he could avoid a valid mortgage on property of the estate because of a defective assignment of the mortgage. The *Halabi* court noted that the purpose of § 544 is to allow a trustee to stand in the shoes of a debtor and bring into the bankruptcy estate property that rightfully belongs to the estate. The court, recognizing that an assignment of a mortgage is not a transfer of property of the estate, stated

> That the perfected mortgage is neither actually nor potentially the property of the debtor is confirmed by § 541(d) which provides that property in which the debtor holds only legal title and not an equitable interest (such as a mortgage) becomes property of the estate only to the extent of the debtor's interest. Section 541(d) gives as an example a mortgage secured by real property. *See* 5 COLLIER ON BANKRUPTCY (15th rev. ed.) (Lawrence P. King, ed.1999) at ¶ 541.27 ("[Section 541(a)(1) ] reiterates the general principle that an interest that is limited in the hands of the debtor is equally limited in the hands of the estate, and therefore, where the debtor holds bare legal title without any equitable interest, the estate acquires bare legal title without any equitable interest in the property."). *See also* NORTON BANKRUPTCY LAW & PRACTICE, 2d § 51:17 (1997) ("The purpose of the section is to insure that secondary mortgage market sales as they are currently structured are not subject to challenge by trustees in bankruptcy ..."). Here, the Trustee is attempting to challenge the secondary sales of the mortgage by the original mortgagee (Republic) and its successors. But the assignment of the perfected mortgage-from Republic to Farragut, from Farragut to Atlantic and, finally, from Atlantic to Federal-did not involve the transfer of any property belonging to the debtor or to the debtor's estate. In each instance, the assignment was merely the transfer of one mortgagee's interest to a successor mortgagee.

---

[1] Under Massachusetts law, the grant of a mortgage transfers title to the mortgagee, subject to the mortgagor's equity of redemption. *Faneuil Investors Grp. v. Bd of Selectmen of Dennis*, 458 Mass. 1, 6, 933 N.E.2d 918, 922 (2010).

*Id*.

Thus even if the assignment from Citi to Bayview was defective, the Mortgage would be unaffected and would remain valid against a bona fide purchaser of the estate's interest in the Lawrence property.

Equitable subordination

Bankruptcy Code § 510(c) permits the subordination of all or part of any allowed claim to other claims "under principles of equitable subordination. . . ." To subordinate a claim the trustee must demonstrate that the following three conditions are present:

(1) The claimant must have engaged in some type of inequitable conduct.

(2) The misconduct must have resulted in injury to creditors or conferred an unfair advantage on the claimant.

(3) Equitable subordination of the claim must not be inconsistent with the provisions of the Bankruptcy Code.

*Boyajian v. DeFusco (In re Giorgio)*, 862 F.3d 933, 938-39 (1st Cir. 1988) (citing *In re Mobile Steel Co.*, 563 F.2d 692, 699–700 (5th Cir. 1977)).

The trustee cites Bayview's receipt and recordation of an allegedly invalid assignment as the sole grounds for equitable subordination. Even if the Mortgage assignment was invalid, the trustee has not alleged that Bayview was even aware of the defective notary signature. The out of state acknowledgement of the Mortgage assignment by Mr. Jones, a Florida notary who, on the face of the assignment, acknowledged the assignment with what appears to be his signature, is entitled to a presumption of validity in Massachusetts. MASS. GEN. LAWS ch 183, § 54B. Moreover because the trustee cannot use the invalidity of an assignment of a mortgage as a springboard to invalidating the underlying mortgage, the acceptance and recordation of the

7

assignment has caused no harm to other creditors or conferred an unfair advantage with respect to the estate.

The Lawrence property came into the bankruptcy estate encumbered by a valid mortgage. Whether the mortgagee is Citi or Bayview is irrelevant in determining what property is available for distribution to other creditors.

## Conclusion

For the reasons set forth herein, Bayview's motion to dismiss is granted. A separate order will issue.

Dated: October 24, 2011

By the Court,

Melvin S. Hoffman
U.S. Bankruptcy Judge

Counsel Appearing:   James O'Connor
Fitchburg, MA
Counsel for David M. Nickless, Chapter 7 trustee

Richard Demerle
Boston, MA
Counsel for Bayview Loan Servicing, LLC